UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAVEN HENDERSON, M.D.,

    Plaintiff,

    v.                                      Case No. 21-2194-TC

STORMONT VAIL HEALTHCARE, INC.,

    Defendant.

## SCHEDULING ORDER

On August 4, 2021, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephonic scheduling conference. Plaintiff appeared through counsel, Michael Stipetich. Defendant appeared through counsel, Timothy A. Shultz and Cameron S. Bernard.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **August 19, 2021** |
| Defendant's settlement counter-proposal | **September 2, 2021** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **September 16, 2021** |
| Mediation completed | **December 6, 2021** |
| Documents identified in initial disclosures exchanged | **August 6, 2021** |
| Supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| All discovery completed | **February 4, 2022** |
| Experts disclosed by plaintiff | **October 22, 2021** |
| Experts disclosed by defendant | **December 13, 2021** |
| Rebuttal experts disclosed | **January 13, 2022** |
| Physical and mental examinations | **November 30, 2021** |
| Motions to amend or join additional parties | **October 8, 2021** |
| All potentially dispositive motions (e.g., summary judgment) | **April 1, 2022** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Proposed pretrial order due | **February 14, 2022** |
| Pretrial conference | **February 28, 2022 at 11:00 AM** |
| Trial | **December 6, 2022 at 9:00 AM** |

**1)** **Alternative Dispute Resolution (ADR).**

The court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **August 19, 2021**. Defendant must make a good-faith counter-proposal by **September 2, 2021**. By **September 16, 2021**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office. Absent further order of the court, mediation must be held no later than **December 6, 2021**. An ADR report must be filed by defense counsel within 14 days of any scheduled mediation, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2) Discovery.**

a) The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). *See* ECF Nos. 16 and 18. The parties must exchange the documents identified in their initial disclosures by **August 6, 2021**. Supplementations of the parties' initial disclosures under Fed. R. Civ. P. 26(e) must be served throughout the case at such times and under such circumstances as required by that rule. In addition, final supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b) All discovery must be commenced or served in time to be completed by **February 4, 2022**. The court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter provided it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case.

Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c)     If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **October 22, 2021**, and by defendant by **December 13, 2021**; disclosures and reports by any rebuttal experts must be served by **January 13, 2022**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      d)     The parties disagree whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental

examinations under Fed. R. Civ. P. 35 by **November 30, 2021**. If the parties continue to disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

  e) Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

> ESI that is produced in discovery will be produced in searchable PDF format whenever possible with all produced documents bates labeled. The producing party will preserve the native format of documents. In the event either party wishes to discover ESI associated with a produced pdf document, the party will notify the other party in writing and identify the specific document(s) by Bates-number. The party requesting ESI will also identify the nature of ESI it is seeking and the format and media in which it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI and any expenses associated with the production of such information.

  f) Neither party may serve more than 25 interrogatories, including all discrete subparts.

  g) No more than 8 depositions may be taken by either party. Each deposition must be limited to 5 hours, except for the depositions of plaintiff and all 30 (b)(6) witnesses which must be limited to 8 hours. All depositions must be governed by the written guidelines that are available on the court's website: http://www.ksd.uscourts.gov/deposition-guidelines/

h)	Discovery in this case is governed by an agreed protective order (ECF No. 14).

i)	The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3)** **Motions.**

a) A motion to dismiss is pending (ECF No. 8). It's fully briefed (*see* ECF Nos. 9, 11, and 13).

b) Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **October 8, 2021**.

c) All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 1, 2022**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d) Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e) All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed no later than 42 days before trial.

  f) If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.  But such a conference is not mandatory.

  g) Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection is waived.  *See* D. Kan. Rule 37.1(b).

  h) To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(c).

  i) The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4)** **Pretrial Conference, Trial, and Other Matters.**

  a) The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b) Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **February 28, 2022 at 11:00 AM**, in the U.S. Courthouse, Courtroom 223, **Kansas City**, Kansas; this pretrial conference may be conducted by telephone if the judge determines the proposed pretrial order is in the appropriate format and there are no other problems requiring counsel to appear in person. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **February 14, 2022**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to ksd_ohara_chambers@ksd.uscourts.gov. The proposed pretrial order must not be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

c) The parties expect the jury trial of this case to take approximately 4-5 trial days. The parties agree this case should be tried in **Topeka**, Kansas. This case is set for trial on the court's docket beginning on **December 6, 2022 at 9:00 AM**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will

begin.  The trial setting may be changed only by order of the judge presiding over the trial.]  The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

    d)  The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

    e)  This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.  Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

    *http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated August 4, 2021, at Kansas City, Kansas.

            s/ James P. O'Hara
            James P. O'Hara
            U.S. Magistrate Judge

12