IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Raven Henderson,**

        **Plaintiff,**

v.                                                                                 **Case No. 21-cv-2194-JWL**

**Stormont-Vail Healthcare, Inc.,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against her former employer alleging that defendant terminated her employment and otherwise discriminated against her on the basis of her race and/or in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. This matter is presently before the court on defendant's motion to dismiss (doc. 8) plaintiff's retaliation claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As will be explained, the motion is denied.

**Standard**

The court will grant a motion to dismiss for failure to state a claim when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id.* at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see*

*id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Background**

Consistent with the applicable standard, the court accepts as true the following well-pleaded facts alleged in plaintiff's amended complaint.  *See Kenney v. Helix TCS, Inc.,* 939 F.3d 1106, 1109 (10th Cir. 2019).  Plaintiff is a physician specializing in plastic surgery who was hired by defendant in July 2017.  Her race is African-American.  Plaintiff alleges that, throughout her employment with defendant, she was treated less favorably than her Caucasian colleagues in terms of office location, permitted surgical procedures, appointment referrals, and other terms and conditions of her employment.  Plaintiff alleges that she made a complaint of race discrimination in January 2019 to several management-level employees, including defendant's Chief Medical Officer and Chief Executive Officer.  From the time she made her complaint until March 2019, plaintiff participated in defendant's investigation of her complaint of race discrimination.

According to plaintiff, beginning in March 2019 through early September 2019, plaintiff was subject to further disparate treatment by defendant based on her race and her discrimination complaint, including increased scrutiny of her work and defendant's refusal to provide any plastic surgery nurses to plaintiff.  As a result, plaintiff was required to train other nurses on procedures that were specific to the plastic surgery specialty.  In August 2019, defendant denied plaintiff a job transfer that she requested.  On September 4, 2019, defendant terminated plaintiff's employment.

**Discussion**

Defendant moves to dismiss plaintiff's Title VII and § 1981 retaliation claims on the grounds that plaintiff has not alleged a sufficient causal connection between her protected activity and any adverse action taken by defendant.[1]  Specifically, defendant argues that the seven-month gap between plaintiff's complaint and the termination of her employment, without more, is insufficient as a matter of law to satisfy the causation requirement of her retaliation claim.  This argument is suited for summary judgment after a full record has been developed.  In fact, every case relied upon by defendant in support of its motion is one that was decided at the summary judgment stage.  *See Proctor v. United Parcel Serv.*, 502 F.3d 1200 (10th Cir. 2007); *Bird v. West Valley City*, 832 F.3d 1188 (10th Cir. 2016); *Piercy v. Maketa*, 480 F.3d 1192 (10th Cir. 2007).

At this stage, plaintiff need only allege facts that, if proven, plausibly support a claim for relief.  A review of the complaint reveals that plaintiff has sufficiently set forth a claim for retaliation.  Plaintiff alleges that she made a complaint of race discrimination to management-level employees, that defendant then began a campaign of disparate treatment against her, and that defendant ultimately terminated her employment (among other things) as a direct result of her discrimination complaint.  She has included relevant information and factual context sufficient to make this claim plausible on its face and her allegations, taken together, reveal a broader pattern

---

[1] In its reply brief, defendant argues that many of the adverse actions referenced by plaintiff in her complaint are not "materially adverse" as required to state a retaliation claim.  While defendant asserts that it raised this issue in its motion to dismiss, that issue was clearly not raised by defendant until the reply brief.  The court, then, does not consider these arguments.  *See Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013) (court does not consider arguments raised for the first time in reply brief).

of conduct that plausibly demonstrates causation on more than mere temporal proximity.  No more is required at this stage of the proceedings.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012) (plaintiff need not set forth prima facie case for each element but must plead enough facts to satisfy plausibility requirement).  The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. 8) is denied.

**IT IS SO ORDERED.**

Dated this 20th  day of September, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

4