IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Raven Henderson,

        Plaintiff,

v.                                                      Case No. 21-cv-2194-JWL

Stormont-Vail Healthcare, Inc.,

        Defendant.

**MEMORANDUM & ORDER**

Plaintiff Raven Henderson filed this lawsuit against her former employer, Stormont-Vail Healthcare, Inc., alleging race and color discrimination, harassment and retaliation in violation of the Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. After resolving defendant's motion for summary judgment, the following claims remain for trial—plaintiff's claims that defendant terminated her employment based on her race and/or color and that defendant terminated her employment in retaliation for raising a complaint about race discrimination. This matter is presently before the court on the parties' motions in limine (docs. 90, 91). As set forth in more detail below, defendant's motion is granted in part; granted as unopposed in part; denied in part; and denied without prejudice in part. Plaintiff's motion is granted as unopposed in part and denied in part.

As a threshold matter, several of the issues raised by both parties are unopposed by the other party and, accordingly, each of those issues may be granted as unopposed. Specifically, defendant's motion is granted as unopposed with respect to evidence and argument relating to defendant's liability insurance (¶ 2) and defendant's financial condition (¶ 3). Plaintiff's motion

is granted as unopposed with respect to evidence and argument relating to the contents of the EEOC and/or KHRC investigative files (¶ 3); relating to evidence of defendant's corporate character (¶ 4); and relating to any references to plaintiff's motions in limine (¶ 5).  Plaintiff's motion is also granted an unopposed with respect to evidence of any purported after-acquired evidence unrelated to defendant's proffered reason for plaintiff's termination (part of ¶ 1).  The court turns, then, to those issues that are disputed by the parties.

*Evidence of Plaintiff's Alleged Violations of Medical Staff Policy*

Plaintiff seeks to exclude evidence of plaintiff's alleged violations of medical staff policy to the extent such evidence does not relate to the August 1, 2019 bilateral breast reduction surgery.  According to plaintiff, defendant intends to introduce evidence of various medical staff policy violations committed by plaintiff and the related peer review processes pertaining to each alleged violation.  Plaintiff argues that such evidence is irrelevant under Rules 401-402 because these violations had no bearing on her termination; is unduly prejudicial under Rule 403; and is evidence of alleged bad acts offered to prove conformity therewith under Rule 404(b).

The motion is denied.  As argued by defendant, defendant is entitled to prove that it disciplined plaintiff for medical staff policy violations before she complained of race discrimination and, therefore, that any discipline or peer review investigations that occurred after her complaint of discrimination are consistent with prior treatment of plaintiff and not in retaliation for engaging in protected activity.  The evidence is also relevant to the issue of whether defendant's investigation of the August 1, 2019 procedure was irregular or whether it was

2

consistent with how defendant usually handled peer review investigations, particularly as those investigations related to plaintiff.

The court believes, however, that a limiting instruction to the jury is appropriate in this context and will advise the jury as follows:

> Admission of evidence that plaintiff violated medical staff policies on one or more prior occasions does not demonstrate that plaintiff violated medical staff policies on August 1, 2019 in connection with the bilateral breast reduction procedure. In other words, you cannot consider evidence that plaintiff violated medical staff policies on prior occasions as evidence that she committed a violation on August 1, 2019.

In light of this limiting instruction, the court rejects plaintiff's argument that the evidence is unduly prejudicial or is otherwise confusing or misleading to the jury. *See* Fed. R. Evid. 403. The motion is denied.

*Evidence of Complaints Made about Plaintiff by Non-Decisionmakers/Evidence of Complaints Made by Plaintiff About Non-Decisionmakers*

Plaintiff seeks to exclude evidence relating to her workplace conflicts with Kathy Kufahl and the plastic surgery department staff, arguing that evidence of plaintiff's workplace conduct (particularly Ms. Kufahl's description of plaintiff as "rude and condescending") is irrelevant and unfairly prejudicial to plaintiff. According to plaintiff, complaints and grievances from subordinate staff members about plaintiff's work performance and management style are not relevant to the issue of whether defendant terminated plaintiff's employment based on her race and/or in retaliation for her complaint about race discrimination. She further contends that such evidence is highly prejudicial because it depicts plaintiff in a negative light and will also confuse the jury.

3

Defendant, on the flip side, seeks to exclude evidence of plaintiff's complaints about non-decisionmaking staff members' mistreatment of her, including her November 2018 and January 11, 2019 complaints about a "hostile work environment" based on this treatment. Defendant also seeks to exclude evidence that plaintiff complained about the denial of a second-floor office; the denial of privileges at St. Francis; that staff members decorated the office with Christmas stockings for all staff members except plaintiff, Chelsea Session and Jennifer Hall; that Kathy Kufahl was responsible for the staffing problems experiences by plaintiff; and that the plastic surgery department staff generally treated plaintiff and her staff poorly. Defendant argues that such evidence is irrelevant and prejudicial.

The motions are denied. With one exception, all of the evidence identified by the parties is relevant to the jury's understanding of pertinent events in the months prior to plaintiff's termination.[1] These events form the basis of plaintiff's race discrimination complaint and are clearly relevant to plaintiff's claim that she had a good faith belief that she was experiencing race discrimination in the workplace. But it would be grossly unfair to admit evidence of plaintiff's complaints about her workplace without also admitting staff members' complaints about plaintiff—complaints that, according to defendant, demonstrate that the conflict in the workplace was based not on race but on significant differences in personalities and work styles. And, to the extent the jury disbelieves defendant's proffered reason for terminating plaintiff's employment,

---

[1] Defendant also seeks to exclude evidence concerning the denial of hand-trauma call and compensation for hand-trauma call. Plaintiff has not responded to this argument. Nonetheless, in an abundance of caution, the court denies the motion without prejudice to defendant reasserting its argument at trial. Toward that end, plaintiff is instructed to give opposing counsel and the court notice of its intent to introduce such evidence so that the court may take up any objection outside the presence of the jury.

the jury might nonetheless believe that the termination decision was based not on race or retaliation but because of the significant conflict and tension in the plastic surgery department. For these reasons, the relevance of all of this evidence outweighs any risk of prejudice or confusion.

*Evidence of Alleged discrimination Against Other Employees*

Defendant seeks to exclude evidence about alleged discrimination against other employees, arguing that such evidence is only relevant if plaintiff can show that "similarly situated" employees experienced discrimination. As plaintiff highlights, the "similarly situated" standard is not the appropriate standard in this context. *See Isberner v. Walmart Inc.*, 2021 WL 4284540, at *2-3 (D. Kan. Sept. 21, 2021) (explaining distinction between "similarly situated" standard for purposes of disparate treatment analysis and "me too" evidence at trial). Rather, the Tenth Circuit has held that anecdotal evidence of discrimination should only be admitted at trial "if the prior incidences of alleged discrimination can somehow be tied to the employment actions disputed in the case at hand." *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000). To the extent plaintiff seeks to admit evidence that other individuals who were terminated by the same decisionmakers as plaintiff experienced alleged race discrimination or retaliation during the same time frame as plaintiff, such evidence would be relevant because it is closely tied to plaintiff's claim. *Id*. at 856; *see Bloomer v. United Parcel Service, Inc.*, 94 Fed. Appx. 820, 825-26 (10th Cir. 2004) (district court properly limited plaintiff to presenting evidence of personal racial animus by individuals who were directly involved in the termination decision).

Based on the parties' submissions, however, it does not appear that plaintiff intends to introduce any "me too" evidence. Plaintiff identifies only Chelsea Session, Candice Gale, and Jennifer Hall as individuals who may have experienced issues relating to race discrimination in the workplace. But Ms. Session and Ms. Hall are clearly fact witnesses—not traditional "me too" witnesses who simply assert that they too were discriminated against by the employer. Here, Ms. Session, who is also African-American, worked as plaintiff's medical assistant, heard the racial slurs that were also the subject of plaintiff's race discrimination complaint, and experienced and witnessed the same treatment in the workplace that plaintiff did. Clearly, evidence of alleged discrimination against Ms. Session is relevant. Although Ms. Hall is Caucasian, evidence relating to her experience in the workplace is also relevant because she also worked closely with plaintiff on her staff during the relevant time frame. The motion is denied, then, as it relates to Ms. Session and Ms. Hall.

The motion, however, is granted with respect to evidence pertaining to Candice Gale. In her submissions, plaintiff asserts that Ms. Gale is African-American and is a "former employee who claims to have experienced race discrimination." She directs the court to Ms. Hall's deposition for context, but that deposition sheds no light whatsoever on any connection that Ms. Gale might have to plaintiff's termination. Ms. Hall simply testified that she was friends with Ms. Gale and that she understood that Ms. Gale had walked off the job after experiencing racial slurs in the workplace. Ms. Hall had no knowledge of what department Ms. Gale worked in and she testified that Ms. Gale "had no connection" to plaintiff. Plaintiff does not otherwise indicate for the court how Ms. Gale's employment ended, who supervised Ms. Gale, or any other facts from which the court could determine whether evidence of Ms. Gale's situation might be admissible at

trial.  In the absence of any evidence tying Ms. Gale's experience to plaintiff's experience, the motion to exclude evidence about Ms. Gale is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion in limine (doc. 90) is granted in part; granted as unopposed in part; denied in part; and denied without prejudice in part.  Plaintiff's motion in limine (doc. 91) is granted as unopposed in part and denied in part.

**IT IS SO ORDERED.**

Dated this 22 day of November, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
